GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF CANALS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action of Filiation.

No. 1642.—Decided June 5, 1917.

FILIATION—ACKNOWLEDGMENT—NATURAL CHILD—RAPE, SEDUCTION OR ABDUCTION.—According to article 135 of the Spanish Civil Code, which was in force in Porto Rico until July 1, 1902, and article 468 of the Penal Code, to which the former refers, an action for paternal acknowledgment derived from rape, seduction or abduction, when the plaintiff has not been in the uninterrupted enjoyment of the status of natural child, and when there is no indisputable document of acknowledgment, requires as an indispensable requisite a judgment of conviction rendered in a penal action prosecuted for any of said crimes.

ID.—ID.—ID.—ID.—According to the foregoing, a natural child cannot maintain an action for acknowledgment on facts occurring in 1893 without alleging the existence of an indisputable document of acknowledgment or the enjoyment of the status of natural child or a judgment of conviction for rape, seduction or abduction.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellant.

*Mr. Antonio F. Castro* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 5, 1916, Juan Epomuceno González filed a complaint in the District Court of Mayagüez against the

Succession of Damián Canals composed of his widow and two minor children, praying that he be adjudged the acknowledged natural son of Damián Canals and, as such, entitled to bear his father's surname and receive his portion of the estate, with costs, expenses, disbursements and attorney fees against the defendants.

As fundamental grounds for his action the plaintiff alleges—

That he is over twenty-one years of age; that in the year 1893 Damián Canals insistently wooed his mother, Margarita González, and, finally, about the month of June of the said year, Damián Canals, without the consent of Margarita González and taking advantage of his influence, by the use of deceit and intimidation, forcibly removed her from the home of her parents where she was living and took her to his home on a coffee plantation for the purpose of having carnal intercourse with her, which purpose he accomplished; that since that time Canals lived in concubinage and sustained marital relations with her publicly and notoriously as man and wife; that as a result of such relations Margarita González became pregnant and during her pregnancy continued to live in concubinage with Canals, who publicly and privately acknowledged that he was the father of the unborn child and at various times declared his intention to marry Margarita in order to legitimatize the expected issue; that at the time of the conception and birth of the child, Damián Canals and Margarita González were single and capacitated to intermarry without any dispensation; that Damián Canals left Porto Rico at the end of February, 1894, when Margarita González was about to be confined and this occurred in May, 1894; that Damián Canals married Margarita Poujim in Mallorca, of which marriage two children were born and named Damián and Amador; that Canals died in Mallorca about the year 1904, leaving his widow and the said two children as his sole heirs.

The defendant answered the complaint denying the facts constituting the cause of action and further alleging that the allegations of the complaint do not entitle the plaintiff to bring an action of filiation.

The case went to trial and on December 20, 1916, the court rendered judgment dismissing the complaint on the ground that according to the Spanish Civil Code, which was in force at the time the said acts occurred, an action for acknowledgment of paternity arising from an act of abduction or rape, the plaintiff not having been in uninterrupted possession of the status of natural child, exacts as a condition *sine qua non* that a final judgment shall have been rendered in a criminal action for abduction or rape, which requirement has neither been alleged nor proved by the plaintiff.

The trial court is right, as is also the appellee in contending in its answer that the allegations set up in the complaint do not entitle the plaintiff to bring the present action of filiation.

Article 135 of the Spanish Civil Code, which was in force in Porto Rico until July 1, 1902, and which governs the case submitted to us, reads as follows:

"The father is obliged to acknowledge the natural child in the following cases:

" When an indisputable paper written by him, expressly acknowledging his paternity, is in existence;

"2. When the child is in uninterrupted enjoyment of the status of a natural child of the defendant father, justified by direct acts of the said father or of his family.

"In cases of violation, ravishment or rape (rape, seduction, or abduction), the provisions of the Penal Code shall be observed with regard to the acknowledgment of the issue." (War Department translation.)

Section 468 of the Penal Code referred to contains the following provision:

"Those guilty of rape, seduction, or abduction, shall be condemned also, by way of indemnification—

"1. To endow the injured woman, if she were unmarried or a widow;

"2. To emancipate her if she were under his servitude;

"3. To acknowledge the offspring if the character of its origin should not prevent it." (War Department translation.)

As is seen, article 135 only authorizes an action for acknowledgment when the father voluntarily and by means of an indisputable statement in writing has expressly acknowledged his paternity, or when the child is in uninterrupted possession of the status of natural child. That article does not provide for an action of acknowledgment of a civil nature, independent and self-supporting, in cases of rape, seduction, or abduction, but directs that in such cases the provisions of the Penal Code shall govern with regard to the acknowledgment of the issue. And we have already seen what the said article of the Penal Code provides; namely, that those guilty of rape, seduction, or abduction, shall be sentenced also by way of indemnification to acknowledge the offspring if the character of its origin should not prevent it. In order to compel the acknowledgment it is an indispensable requisite that the guilty person shall be convicted of rape, seduction, or abduction, which could be done only by a judgment in the criminal proceeding prescribed for that purpose. It is to be observed that criminal actions for rape, seduction, or abduction could not be instituted by the Department of Justice, for in order to prosecute for the crime of seduction (*estupro*), it was necessary that complaint be made by the aggrieved person, or her parents, grandparents, or guardian; and in order to proceed in cases of rape and of abduction committed with unchaste designs, it was necessary that complaint be made by any one of such persons, although they did not swear out formal process, the action or sentence being extinguished in all these cases by the express or implied pardon of the offended person. Article 467 of the Spanish Penal Code.

The mother of the plaintiff did not see fit to complain against the presumed abductor or ravisher so that in addition to the punitive sanction to which he may have subjected himself his civil liability to acknowledge the child might also have been adjudged, and the only recourse now open to the plaintiff to attain his object is to base his complaint on an indisputable written statement of acknowledgment, or on the possession of the status of natural child in accordance with the Spanish Civil Code formerly in force.

The complaint contains no allegation of the existence of an indisputable written statement of acknowledgment, or of the possession of the status of natural child, or of a judgment of conviction against Damián Canals for the crime of the rape or abduction of Margarita González, therefore the action cannot prosper.

In support of the foregoing doctrine the distinguished commentator Manresa expresses himself as follows:

"It was established in the fifth basis that no inquiry into the paternity will be admitted except in cases of crime or where there is a written statement by the father showing his indisputable intention to acknowledge the child as his own, deliberately expressed for that purpose, or where there is possession of status  *  *  *.

"Therefore an action to compel the father to acknowledge a natural child, even if limited to a demand for support, can not prosper unless based on an express acknowledgment by the father in writing, on the uninterrupted possession of the status of natural child, or on a final judgment rendered in a criminal action for rape, seduction, or abduction." I Manresa, Commentaries, Spanish Civ. Code, 579.

Our decision in the case of *Guzmán* v. *Vidal,* 19 P. R. R. 800, is not applicable to the present case, for that was an action to recover pecuniary damages for rape, and this is an action for the acknowledgment of a natural child.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.